UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MISTY L. LUCAS,**

        **Plaintiff,**

v.     Case No: 6:21-cv-1836 DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

Misty Lucas ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability and disability insurance benefits filed on June 4, 2019, and alleging a disability onset date of May 25, 2019. Doc. No. 1; R. 16. Claimant argues that the decision should be reversed and remanded for further proceedings because the Administrative Law Judge ("ALJ") erred by, among other things, not sufficiently addressing under the regulations the opinions of a medical source. Doc. No. 22 at 12-15; R. 23-24. Because the ALJ so erred, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.

I.    **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a

scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     ANALYSIS.

On November 24, 2020, an ALJ held a telephonic hearing where Claimant and a vocational expert ("VE") testified. R. 32-56. On February 26, 2021, the ALJ found that Claimant had the following severe impairments: (1) degenerative disc disease; (2) degenerative joint disease; (3) fibromyalgia syndrome; (4) lupus; (5) polyarthropathy; (6) palmoplantar psoriasis and dermatitis; (7) major depressive disorder; and (8) obsessive-compulsive disorder. R. 18. Despite these impairments, the ALJ found that Claimant had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can walk/stand 4 hours in an 8-hour workday. All postural activities can be performed frequently, except for never climbing ladders, ropes and scaffolds. She is able to frequently handle and finger bilaterally. She must avoid concentrated exposure to hazards. She is able to apply commonsense understanding and carry out instructions furnished in written, oral or diagram form (consistent with a reasoning level of 3). She can perform simple jobs for 2-hour periods over 8-hour workdays, and [she] is able to occasionally interact with the public, coworkers and supervisors.

R. 20.[1] Claimant was born in 1972 and 47 years old on the alleged disability onset date. R. 24. Relying upon testimony from the VE, the ALJ found that Claimant

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

could not perform her past relevant work as a general clerk and admissions clerk but that she could perform other work in the national economy, such as a mail clerk, office helper, or marker. R. 24-25. After considering all of the evidence, the ALJ found that Claimant was not disabled from May 25, 2019, through February 26, 2021, the date of the ALJ's decision. R. 25.

Claimant first argues that the ALJ did not apply the correct legal standards when evaluating the opinions of Advanced Registered Nurse Practitioner ("ARNP") Railet Rodríguez, who first began treating Claimant in October 2019. Doc. No. 22 at 12-15; *see* R. 23-24, 732, 853, 910-15. In a letter dated August 28, 2020, ARNP Rodríguez opined: "[Claimant] was evaluated on 07/29/2020. I am familiar with the patient's history and with the functional limitations imposed by Rheumatoid Arthritis, Systemic Lupus, Fibromyalgia, Major Depressive Disorder, Gastritis and Psoriasis." R. 853.

> Due to these chronic conditions [Claimant] has certain limitations coping with what would otherwise be considered normal but significant in day to day situations. To help alleviate these challenges and to enhance day to day functionality, patient is unable to work, sit or stand for more than 15-20 minutes without pain, unable to walk distances further than 20-30 ft. without feeling any pain in legs/feet. Patient cannot climb more than 5 steps without any pain in legs/feet, cannot lift anything over 2 lbs. without any pain or discomfort. Due to medications taken to treat patient['s] medical conditions such as Psoriasis, may [sic] cause dizziness and fatigue which results in inability to function and perform normal daily tasks. Patient's severe depression consumes daily living and inability to perform normal daily activities.

R. 853.

As Claimant notes in the joint memorandum, ARNP Rodríguez also completed an RFC form regarding Claimant's impairments on November 3, 2020. Doc. No. 22 at 10-11 (citing R. 910-15).

> She noted [Claimant] was positive for psoriatic arthritis, lupus, rheumatoid arthritis, and fibromyalgia. X-rays of [Claimant's] neck and lower back revealed arthritis. ARNP Rodriguez noted [Claimant] had constant pain in her body. She opined [Claimant] could lift and/or carry less than five pounds. ARNP Rodriguez further opined [Claimant] could sit for about fifteen to twenty minutes at a time, stand for about ten minutes at a time, and walk about 150-200 feet without feeling pain or her legs giving out. She opined [Claimant] would need to lie down during the day due to her chronic fatigue and pain. ARNP Rodriguez opined [Claimant] would not be able to return to work due to "[t]oo much chronic pain and chronic fatigue. Her depression and bipolar [and] anxiety has [sic] increased. She is on like 10 medications."

Doc. No. 22 at 10-11 (alterations in original) (citations omitted); *see* R. 910-15.

The ALJ noted in her decision that ARNP Rodríguez "opined that the claimant can never return to work due to her impairments and pain level of 10/10. Her provider further opined that she could not lift more than two pounds[.]" R. 23 (citing R. 853, 910-15). "This opinion is not persuasive as the record does not indicate chronic pain at 10/10 and the claimant's mental impairments do not prevent her from functioning on a daily basis." R. 23-24.

In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims

filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.*; *see* 20 C.F.R. § 404.1520c. The final rules became effective on March 27, 2017. 20 C.F.R. § 404.1520c. Because Claimant applied for benefits after March 27, 2017 (R. 16), the new regulations apply in this case. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, ___, No. 21-12148, 2022 WL 2298528, at *3-4 (11th Cir. June 27, 2022).

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. § 404.1520c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record . . . ." *Swingle v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-365, 2020 WL 6708023, at *2 (M.D. Fla. Nov. 16, 2020) (citing 20 C.F.R. § 404.1520c(b)). The ALJ must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and

consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. *Id.* § 404.1520c(b)(2). Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"), unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well supported and consistent with the record but are not identical. 20 C.F.R. § 404.1520c(b)(2)-(3). "And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source

basis—the regulations do not require the ALJ to explain the consideration of each opinion from the same source." *Rosado v. Comm'r of Soc. Sec.*, No. 6:20-cv-2003-MAP, 2022 WL 1421371, at *4 (M.D. Fla. May 5, 2022) (citing 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)).

Here, the ALJ stated that she had "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." R. 20. Claimant argues that "[t]he ALJ's reasons for rejecting ARNP Rodriguez's opinions are conclusory and fail to address the factors of 'supportability' and 'consistency' as required by 20 C.F.R. § 404.1520c(b)(2)." Doc. No. 22 at 15.

As an initial matter, the ALJ was not required to evaluate under § 404.1520c ARNP Rodríguez's description of Claimant's level of pain in November 2020 as "10/10" (R. 913) because it was not a "medical opinion," which is "'a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)' and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities." *Rivera v. Comm'r of Soc. Sec.*, No. 6:20-cv-779-LRH, 2021 WL 3602839, at *3 (M.D. Fla. Aug. 13, 2021) (alterations in original) (quoting 20 C.F.R. § 404.1513(a)(2)). Rather, it falls within the category of "other medical evidence," which includes "judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical

findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

ARNP Rodríguez opined that Claimant could not lift more than two pounds (R. 23, 853, 912). The Court finds that the ALJ's lack of analysis of the supportability of ARNP Rodríguez's opinion frustrates meaningful review. *See Filmore v. Comm'r of Soc. Sec.*, No. 5:20-cv-478-PRL, 2022 WL 2251075, at \*6 (M.D. Fla. Mar. 23, 2022). "The ALJ did not offer any insight into how [the ALJ] considered this factor, nor did [the ALJ] explain how (or if) [the ALJ] considered the extent to which [ARNP Rodríguez's] own treatment records provided support for [her] opinions." *Id.* Further, the ALJ's error was not harmless. *See Carson v. Comm'r of Soc. Sec.*, No. 6:21-cv-20-DCI, 2022 WL 294719, at \*2 (M.D. Fla. Feb. 1, 2022); *see also Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). "To the extent that the Commissioner argues that the ALJ's reasons for discounting [ARNP Rodríguez's] opinion are supported by substantial evidence — and purports to cite to examples of such evidence from the record — the undersigned will not rely on the Commissioner's post-hoc arguments." *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at \*6 (M.D. Fla. Apr. 8, 2020) (citing *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (per curiam)), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020). "To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines

to do." *Id.* Because the ALJ's failure to build a logical bridge from the evidence to her conclusion frustrates meaningful substantial-evidence review, the Court remands this matter for further proceedings and need not address Claimant's remaining arguments. *See Perez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1341-LHP, 2022 WL 479813, at *7 (M.D. Fla. Feb. 16, 2022) (citing *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983)).

### III.  CONCLUSION.

Because the ALJ's lack of analysis of ARNP Rodríguez's opinions under 20 C.F.R. § 404.1520c frustrates meaningful substantial-evidence review, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

It is so **ORDERED** on July 22, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Richard A. Culbertson, Esq.
Suite E
3200 Corrine Drive
Orlando, FL 32803

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Nadine Elder
Beverly E. Williams, Branch Chief
Timothy C. Stevens, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable María Teresa Mandry
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Drive
Suite 300
Orlando, FL 32817-8338